IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETROIS T. DIXSON, | No. C 09-05033 CW (PR) |
| Petitioner, | ORDER STAYING HABEAS PROCEEDINGS; DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS; AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE THIS CASE UNTIL THE COURT ISSUES ORDER LIFTING STAY |
| v. | |
| JOHN MARSHALL, Warden, | |
| Respondent. | |

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application for leave to proceed in forma pauperis.

Petitioner has also filed a motion to stay his federal petition while he exhausts his remedies in state court.

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Petitioners may seek a stay of the petition pursuant to Pace v. DiGuglielmo, 125 S. Ct. 1807, 1813-14 (2005), under which a

1 prisoner may file a protective petition in federal court and ask
2 the court to stay federal habeas proceedings until all state
3 remedies are exhausted. District courts have the authority to
4 issue stays, and the habeas statute does not deprive them of that
5 authority. Rhines v. Webber, 125 S. Ct. 1528, 1535 (2005). A stay
6 is appropriate where the district court determines that good cause
7 existed for the petitioner's failure to exhaust his claims in state
8 court, and that such claims are potentially meritorious. Id.; see
9 also Pace, 125 S. Ct. at 1813-14.
10        Here, it appears that good cause exists for Petitioner's
11 failure to exhaust his claims on direct appeal because his claims
12 could be raised by way of state habeas corpus. Moreover, the
13 claims state cognizable bases for federal habeas relief. This is
14 Petitioner's first habeas petition, and there is no evidence that
15 he seeks the stay for improper purposes. See Fetterly v. Paskett,
16 997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that a stay for the
17 purpose of permitting exhaustion of unexhausted claims should be
18 granted only if the claims petitioner seeks to pursue are
19 cognizable under § 2254; there is a likelihood of prejudice to
20 petitioner if the stay is not granted; and there is no evidence
21 that the motion for a stay is brought to delay, vex, or harass, or
22 that the request is an abuse of the writ). Accordingly, the Court
23 GRANTS Petitioner's request for a stay.
24        These proceedings are hereby STAYED pending Petitioner's
25 exhaustion of his state judicial remedies. Petitioner must act
26 diligently in exhausting his state judicial remedies, or the stay
27 may be lifted. He must file quarterly reports describing the
28

1 progress of his state court proceedings, commencing <u>thirty (30)</u>
2 <u>days</u> from the date of this Order and continuing every <u>ninety (90)</u>
3 <u>days</u> thereafter until his state court proceedings are terminated.
4 He must also attach to his status reports copies of the cover page
5 of any document that he files with or receives from the state
6 courts relating to the claims.

7     The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file
8 pending the stay of this action.  Nothing further will take place
9 in this action until Petitioner receives a final decision from the
10 highest state court and, within <u>thirty (30) days</u> of doing so, moves
11 to reopen the action, lift the Court's stay and amend the stayed
12 petition to add the newly-exhausted claims.

13     Petitioner's application to proceed <u>in forma pauperis</u> is
14 GRANTED.

15     This Order terminates Docket nos. 6 and 7.

16     IT IS SO ORDERED.

17 Dated:   3/17/2010

                                    CLAUDIA WILKEN
18                                     UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DEMETROIS T. DIXSON,

        Plaintiff,

  v.

JOHN MARSHALL et al,

        Defendant.

Case Number: CV09-05033 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 17, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Demetrois T. Dixson F-23400
California Men's Colony State Prison
P.O. Box 8101
San Luis Obispo, CA 93409

Dated: March 17, 2010

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk